IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EBONIE DAVIS, | ) FILED: OCTOBER 10, 2008 |
| | ) 08CV5819 |
| Plaintiff, | ) JUDGE ANDERSEN |
| | ) MAGISTRATE JUDGE ASHMAN |
| v. | ) |
| | ) BR |
| CITY OF CHICAGO, a municipal corporation, | ) |
| and OFFICER MICHAEL SHIELDS, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff, EBONIE DAVIS, by and through her attorney, MARK PARTS of PARTS & SPENCER, LTD., for her Complaint against Defendant CITY OF CHICAGO, a municipal corporation, and individual Defendant OFFICER MICHAEL SHIELDS, alleges as follows:

THE PARTIES

1. Plaintiff EBONIE DAVIS is an African-American female and is a resident of Oak Park, Illinois.

2. Defendant CITY OF CHICAGO is a legal entity incorporated under the laws of the State of Illinois.

3. OFFICER MICHAEL SHIELDS is a City of Chicago Police Officer, who, at all times pertinent hereto, acted in his capacity as officer and employee of Defendant CITY OF CHICAGO's Police Department and acted under color of law.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 1343(a). This Court has jurisdiction over Plaintiffs'

state claims pursuant to 28 U.S.C. § 1367, and §1441. This Court has personal jurisdiction over Defendants as they are residents of Illinois and all actions complained of herein occurred in Illinois.

5. Venue is proper in this District because all the conduct complained of herein occurred in this District.

### SPECIFIC ALLEGATIONS COMMON TO ALL COUNTS

6. On the evening of October 12, 2007, Plaintiff EBONIE DAVIS was a passenger in a vehicle on North Halsted Street in Chicago, IL.

7. At that place and time, the vehicle in which Plaintiff EBONIE DAVIS was a passenger was stopped by Defendant OFFICER MICHAEL SHIELDS and another Defendant CITY OF CHICAGO police officer.

8. Defendant OFFICER MICHAEL SHIELDS confronted Plaintiff EBONIE DAVIS and was verbally abusive of her. His comments were racially hostile and included statements such as a reference to "get[ting] all ghetto with me." In the course of this encounter Defendant OFFICER MICHAEL SHIELDS grabbed and shoved Plaintiff EBONIE DAVIS, took her possessions from the car and threw them, and damaged the car.

9. At the time that Defendant OFFICER MICHAEL SHIELDS engaged in abuse of Plaintiff EBONIE DAVIS, there was no justification for said abuse.

10. Defendant OFFICER MICHAEL SHIELDS proceeded to falsely arrest and detain Plaintiff EBONIE DAVIS on charges of transportation of open alcohol and possession of marijuana.

11. Defendant OFFICER MICHAEL SHIELDS knew that the charges were improper and that there was no basis to detain or charge Plaintiff EBONIE DAVIS.

12. The charges against Plaintiff EBONIE DAVIS were stricken at Court and were not reinstated.

13. As a direct and proximate result of the misconduct of Defendant OFFICER MICHAEL SHIELDS, Plaintiff EBONIE DAVIS suffered the loss of liberty and was caused to suffer and continues to suffer physical and mental pain and anguish.

14. The acts, conduct, and behavior of Defendant OFFICER MICHAEL SHIELDS were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT I

(42. U.S.C. § 1983 *Monell* Claim Against Defendant CITY OF CHICAGO)

15. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

16 The actions of the Defendant as alleged above constitute excessive force in violation of the Fourth and Fourteenth Amendments and were done pursuant to one or more policies, practices and/or customs of Defendant CITY OF CHICAGO.

17. As a matter of both policy and practice, the City of Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

18. As a matter of both policy and practice, the City of Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading City of Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff.

19. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago Police Department engage in racially hostile conduct and falsely arrest citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the City of Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

20. Defendant CITY OF CHICAGO deliberately fails to adequately keep hard copies and electronic computer records of misconduct to prevent patterns of misconduct from being established. These actions deliberately further the concealment of police misconduct.

21. When citizens complain to the City of Chicago Police Department that they have bean subjected to racially hostile conduct and false arrest by City of Chicago Police Officers, the Department's policy and practice is to affirmatively discourage those persons from pursuing criminal charges against the offending police officers; the City's training in that regard is equally deficient. This policy and practice and lack of adequate training encourages City of Chicago Police Officers, such as the Defendants in this case, to use excessive force without fear of legal consequences.

22. The aforementioned policies, practices, and customs of failing to train, supervise, control and discipline officers, both generally and also specifically as to

4

Defendant OFFICER MICHAEL SHIELDS, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and plaintiffs' injuries.

23. Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the City of Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

24. Defendant CITY OF CHICAGO and its relevant policymakers have failed to act to remedy the patterns of abuse describe in the preceding paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

25. The policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and maltreatment of persons, despite their obligation under police department regulations to do so. This conduct includes police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

26. The aforementioned policies, practices, and customs individually and together have been maintained and implemented with deliberate indifference by the City and have encouraged the individual defendant to commit the aforesaid wrongful acts against Plaintiff, and therefore acted as a direct and proximate cause of constitutional and other legal violations, and plaintiffs' injuries.

WHEREFORE, Plaintiff request that judgment be entered in favor of Plaintiff and against the Defendant CITY OF CHICAGO with Plaintiff being awarded compensatory damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT II

(42 U.S.C. § 1983, Equal Protection)

27. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

28. By all of the above, Defendant OFFICER MICHAEL SHIELDS violated the right of Plaintiff EBONIE DAVIS to equal protection under the laws and to be free from discrimination on account of race.

29. The above-described conduct by Defendant OFFICER MICHAEL SHIELDS violated Plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution,

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFFICER MICHAEL SHIELDS awarding compensatory and punitive damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT III

(42 U.S.C. § 1983, False Arrest Claim)

30. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

31.     The actions of Defendant OFFICER MICHAEL SHIELDS caused the false arrest and lodging of false criminal charges against Plaintiff, in violation of rights guaranteed under the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFFICER MICHAEL SHIELDS, awarding compensatory and punitive damages, reasonable attorneys' fees and costs, and such further relief as this Court deems just.

## COUNT IV

(Intentional Infliction of Emotional Distress)

32.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

33.     The above conduct of Defendant OFFICER MICHAEL SHIELDS in use of racially hostile language and causing her to be falsely arrested and detained was intentional and done with disregard for her rights. Said actions by the individual defendant were extreme, outrageous and caused and continue to cause Plaintiff to suffer pain and emotional distress.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendants OFFICER MICHAEL SHIELDS, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT V

(Malicious Prosecution)

34.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

35. The above conduct of Defendants OFFICER MICHAEL SHIELDS caused the institution of judicial proceedings against plaintiff EBONIE DAVIS which have been terminated in her favor. Said conduct of Defendants OFFICER MICHAEL SHIELDS was without probable cause and with malice and resulted in significant suffering by plaintiff EBONIE DAVIS.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant OFFICER MICHAEL SHIELDS awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VI

(Respondeat Superior)

36. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

37. In committing the acts alleged in the preceding paragraphs, Defendant OFFICER MICHAEL SHIELDS was a member of, and agent of, the City of Chicago Police Department acting at all relevant times within the scope of his employment.

38. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant CITY OF CHICAGO awarding compensatory damages on the state law claims of intentional infliction of emotional distress and malicious prosecution, and that this Court grant such further relief as the Court deems just.

COUNT VII

(State Law Indemnification)

39. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

40. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendant OFFICER MICHAEL SHIELDS was an employee of Defendant CITY OF CHICAGO who acted within the scope of his employment in committing the misconduct described herein.

41. Moreover, Plaintiff is a third-party beneficiary of a contract between Defendant CITY OF CHICAGO and the union(s) representing OFFICER MICHAEL SHIELDS, in which contract Defendant CITY OF CHICAGO has obligated itself to pay for all judgments for compensatory damages, attorneys' fees and costs against Defendants OFFICER MICHAEL SHIELDS.

WHEREFORE, Plaintiff requests that judgment be entered in favor of her and against Defendant CITY OF CHICAGO for the amounts of any compensatory damages, attorneys and fees and costs awarded against Defendant OFFICER MICHAEL SHIELDS.

## JURY DEMAND

Plaintiff demands trial by jury on all Counts that may be tried to a jury.

Respectfully submitted,

/s Mark Parts
Mark Parts
Parts & Spencer, Ltd.
33 North LaSalle Street
Suite 1925
Chicago, IL  60602
312-920-0990
mparts@pslegal.net
Illinois Atty. No.:  6203617